IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYSSA SCHWARTZ, | No. C -12-02740(EDL) |
| Plaintiff, | **ORDER GRANTING MOTION TO TRANSFER TO THE EASTERN DISTRICT OF NEW YORK** |
| v. | |
| FRITO-LAY NORTH AMERICA, | |
| Defendant. | |

This is a putative consumer class action alleging that "All-Natural" statements on Frito-Lay Bean Dip are unlawfully deceptive because vegetables used in the product are grown from genetically modified seeds. Defendant moves to transfer this case to the Eastern District of New York, where a similar consolidated case, In re Frito-Lay North America, Inc. "All Natural" Litigation, 12-408-RRM-RLM, is pending, pursuant to 28 U.S.C. § 1404(a) and the first-to-file rule. Plaintiff opposes the motion to transfer. For the following reasons, the motion to transfer is GRANTED.

**I.    Background**

Plaintiff Alyssa Schwartz is a citizen of California. Am. Compl. ¶ 15. She alleges that she purchased Frito-Lay Bean Dip at Safeway stores in San Francisco and relied on advertising that falsely branded the product "All-Natural." Am. Compl. ¶¶ 15, 16, 26. She contends that the "All-Natural" label is incorrect because the vegetables used in the product have been grown with genetically modified organisms (GMOs). She sues on behalf of a putative class of all United States persons who have purchased Frito-Lay Bean Dip for personal use during the time Defendant has

<mark>Case3:12-cv-02740-EDL Document27 Filed09/12/12 Page2 of 9</mark>

used the labeling at issue. Am. Compl. ¶ 44.

Defendant is a Delaware corporation with its principal place of business in Texas. It has substantial contacts with California. Am. Compl. ¶ 17.

Defendant maintains that this case copies the allegations and theories of three nationwide class actions that have been consolidated in the Eastern District of New York, all of which were filed before Plaintiff filed this case: Gengo v. Frito-Lay North America, Inc., 12-854-RRM-RLM (E.D.N.Y.), filed in the Central District of California on December 14, 2011; Zuro v. Frito-Lay North America, Inc., 12-885-RRM-RLM (E.D.N.Y.), filed in the Northern District of California on December 23, 2011; and Shake v. Frito-Lay North America, Inc. and PepsiCo, Inc., 12-408-RRM-RLM (E.D.N.Y.), filed in the Eastern District of New York on January 27, 2012. Those cases have been consolidated in In re Frito-Lay North America, Inc. "All Natural" Litigation, 12-408-RRM-RLM (E.D.N.Y.), and the plaintiffs have filed a consolidated complaint. The consolidated case has California plaintiffs (Chris Shake, Julie Gengo, and Valerie Zuro) and a putative "California class," and asserts California law claims relating to various Frito-Lay "All Natural" products, including the Bean Dip that is the subject of Plaintiff's complaint. Plaintiff notes that the transfers leading up to the consolidation were by agreement, rather than by successful motion. Opp. at ¶ 12.

Plaintiff filed her initial complaint in this case on May 29, 2012. That complaint brought claims relating to the Bean Dip and two other Frito-Lay products, Tostitos and SunChips. On June 8, 2012, Defendant filed a motion to transfer, and shortly thereafter Plaintiff filed an Amended Complaint, excising the claims relating to Tostitos and SunChips and challenging only the "All-Natural" designation of Frito-Lay Bean-Dip. Defendant theorizes this was an attempt to distinguish this case from the EDNY litigation. Mot. at 4-5.

Plaintiff claims that her case differs substantially from the consolidated proceeding, primarily because it purportedly concerns a different product – Bean Dip – and the New York case does not. As noted above, however, the consolidated complaint in the New York action *does* include Bean Dip in addition to various Frito-Lay chips. See Mot. at 5 and Ex. C (Consol. Compl.) at ¶ 17.

Defendant maintains that the two cases cannot be differentiated. Both Plaintiff's complaint

<mark>2</mark>

and the consolidated complaint: 1) allege that the "All Natural" statements on Frito-Lay product labels are deceptive; 2) challenge that label as to Frito-Lay Bean Dip; 3) allege that the label is false and misleading because vegetables grown from genetically modified seeds are used in the products and are not natural; 4) include the same causes of action, including breach of warranty and intentional misrepresentation; 5) seek damages and injunctive relief on behalf of a nationwide class; and 6) bring claims against the same defendant, Frito-Lay. Mot. at 5-6.

Although Plaintiff also argues that the claims differ because her case is based on California law, the consolidated complaint includes a number of California state law claims: violation of Cal. Bus. & Prof. Code §§ 17500 et seq. (Count IV); violation of Cal. Bus. & Prof. Code §§ 17200 et seq. (Count V); violation of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et. seq. (Count VI); breach of express warranty under California law (Count IX); and intentional misrepresentation under California law (Count XII). Plaintiff's amended complaint includes, in addition to the claims under California law that are the same as those in the New York consolidated complaint, negligent misrepresentation, fraudulent concealment, and breach of implied warranty of fitness/purpose. Am. Compl. Counts 5, 7, 8, & 9. Both complaints include claims for violation of the federal Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq. Consol. Compl. Count I; Am. Compl. Count 10.

## II.     Legal Standard and Discussion

Defendant argues that the motion should be granted under both the "first-to-file" rule and 28 U.S.C. § 1404(a). Plaintiff maintains that Defendant cannot meet its burden as to either rule and that the motion should be denied, and further argues that Defendant should have filed a motion with the Joint Panel on Multidistrict Litigation rather than a motion to transfer. In the event that the Court determines that transfer may be warranted, Plaintiff seeks instead an order staying this matter pending the New York court's decision on class certification. Opp. at 9 & n.2.

### A.     First-to-File Rule

3

1    When cases involving essentially the same parties and same issues are filed in different
2 districts, a court may transfer the later-filed case to the district where the first-filed case is pending.
3 Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). The parties do not dispute
4 the chronology of the actions; the first-filed case precedes this case by approximately five months.
5 The rule "serve[s] the purpose of promoting efficiency well and should not be disregarded lightly."
6 Church of Scientology v. United States Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979). In
7 deciding whether to apply the first-to-file rule, a court considers: 1) the chronology of the actions; 2)
8 the similarity of the parties; and 3) the similarity of the issues at stake. Alltrade, Inc. v. Uniweld
9 Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991). The rule is discretionary, not mandatory, and a court
10 may disregard the rule in the interests of equity. See. e.g., id. at 622; Adoma v. Univ. of Phoenix,
11 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010).

12    Defendant contends that the parties are substantially similar: Frito-Lay is the defendant in
13 each case, and each set of plaintiffs seeks relief on behalf of a putative nationwide class. The
14 putative class in the New York case would include Plaintiff Schwartz. Compare Am. Compl. ¶ 44
15 with Consol. Compl. ¶¶ 68-69 (seeking relief for purchasers of Frito-Lay Bean Dip). The Court
16 concludes that the parties are effectively the same.

17    The issues are also substantially similar. Each complaint alleges that the "All-Natural"
18 labeling and marketing of Frito-Lay Bean Dip is misleading because the product is made from plants
19 grown from genetically modified seed. The overlap between the specific causes of action is nearly
20 complete (California state law consumer protection, breach of warranty, and misrepresentation
21 claims; violation of the federal Magnuson Moss Warranty Act). Plaintiff contends simply that the
22 causes of action and their elements are dissimilar, but does not expand on that conclusory statement.
23 Opp. at 11.

24    The issues need not be precisely identical for the first-to-file rule to apply; the rule can
25 apply even if the later-filed action brings additional claims. See Enom v. Philbrick, No. 08-1288,
26 2008 WL 4933976, at *2 (W.D. Wash. Nov. 17, 2008). Plaintiff's complaint has a few additional
27 claims (negligent misrepresentation in addition to intentional misrepresentation, fraudulent
28 concealment, and breach of implied warranty of fitness/purpose), but these claims are closely related

4

to the main claims in both cases. See Worthington v. Bayer Healthcare, LLC, 11-3017, 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012) ("Finding an insubstantial overlap because of the fact that the claims are asserted under different state laws would defeat the judicial efficiency rationale undergirding the first-filed rule.").

Plaintiff argues that fairness and equity should prompt the Court to dispense with the first-to-file rule. She claims that she and the putative class will be substantially prejudiced by the case being transferred to New York because "the facts giving rise to the causes of action in the present case are substantially different from the facts giving rise to the causes of action in the New York action." Opp. at 13. The only difference Plaintiff points to – that she purchased only Bean Dip, while the named plaintiffs in the New York case purchased multiple Frito-Lay products, see Opp. at 14 – is inconsequential, particularly since the New York case includes Bean Dip purchasers. (Indeed, Plaintiff initially included some of the same products – SunChips and Tostitos – but dropped them when she amended her complaint.)

Defendant has met its burden to establish chronology, similarity of parties, and similarity of issues, and Plaintiff has not demonstrated why fairness should prevent the transfer under the first-to-file rule. Therefore, the case should be transferred under that rule.

**B.      28 U.S.C. § 1404(a)**

A district court has discretion to order transfer: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Determining whether an action should be transferred pursuant to § 1404(a) is a two-step process. The transferor court must first determine whether the action "might have been brought" in the transferee court, and then the court must make an "individualized, case-by-case consideration of convenience and fairness." Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006) (Patel, J.) (citing Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985); Jones v. GNC Franchising, 211 F.3d 495, 498 (9th Cir. 2000)). The burden is on the defendant to show that transfer is appropriate. See

5

Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir.1979).

As to the first prong of the § 1404(a) analysis, the case could certainly have been brought in the E.D.N.Y under 28 U.S.C. § 1391(b). Plaintiff seeks to represent a nationwide class alleging claims relating to products sold nationally.

As to the second prong of the § 1404(a) analysis, the plain language of the statute requires the Court to consider at least three factors in deciding whether to transfer a claim to another court: (1) convenience of parties; (2) convenience of witnesses; and (3) the interest of justice. Ninth Circuit precedent requires that courts also weigh the plaintiff's choice of forum. See Sec. Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir.1985).

In determining the convenience of the parties and witnesses and the interests of justice, a Court may consider a number of factors including:

> (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to evidence; (5) familiarity of each forum with applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum.

Gerin v. Aegon USA, Inc., No. C 06-5407, 2007 WL 1033472, at *4 (N.D. Cal., April 4, 2007) (Armstrong, J) (citing Jones v. GNC Franchising, 211 F.3d 495, 498-99 (9th Cir. 2000)).

In the usual case, unless the balance of the § 1404(a) factors weighs heavily in favor of the defendants, "the plaintiff's choice of forum should rarely be disturbed." Sec. Investor, 764 F.2d at 1317; see also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("defendant must make a strong showing . . . to warrant upsetting the plaintiff's choice of forum"). However, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). Here, although Plaintiff's choice of California as its forum is entitled to some deference, and

6

she did make her purchase of the subject product in California, the other factors are either neutral or weigh heavily in favor of transfer. In addition, the fact that Plaintiff seeks to represent a nationwide class means that her choice of forum receives less deference. See, e.g., Italian Colors Rest. v. Am. Express Co., 03-3719, 2003 WL 22682482, at *3 (N.D. Cal. Nov. 10, 2003) ("The plaintiff's choice is giving less deference where, as here, the action is brought on behalf of a nationwide class."); Catanese v. Unilever, 774 F. Supp. 2d 684, 688-89 (D.N.J. 2011) (holding that "because the subject matter of the respective cases is the same, the interest each plaintiff holds in the forum of its choice does not tip the balance . . . . To credit one plaintiff's interest in its chosen forum is to discredit the same interest of the other plaintiff.").

As to the convenience of the parties and witnesses and the availability of evidence, Frito-Lay is already litigating in New York, and the same witnesses and evidence would be relevant to both cases. Although Plaintiff claims that it would be inconvenient for her to travel to New York to give her evidence, Defendant states in its reply that it is willing to depose her in California regarding her one alleged Bean Dip purchase. Reply at 7 n.3. The inconvenience to Defendant of having to litigate the same issues in multiple courts is far greater.

Each forum is capable of dealing with the applicable law. Consolidation is feasible, since Plaintiff's claims are subsumed under the claims in the New York case. Plaintiff claims that there is local interest in the matter, but the argument is weak, as the cases deal with products sold nationwide. Plaintiff did not argue that congestion and time to trial differ significantly in the Northern District of California and the Eastern District of New York. The 1404(a) factors weigh in favor of granting the motion to transfer.

### C. Multidistrict Litigation

Plaintiff raised in her opposition the possibility that Defendant should have filed a motion with the Judicial Panel on Multidistrict Litigation, rather than filing a motion to transfer, because so many cases are being filed against Frito-Lay on the same grounds. Defendant points out that Plaintiff's own counsel filed all the cases postdating the consolidation.

7

**United States District Court**
**For the Northern District of California**

1   Plaintiff cites no authority for its suggestion that the cases be dealt with by the MDL panel
2   rather than by this motion. Defendant cites a decision by the Joint Panel on Multidistrict Litigation
3   that holds "[C]entralization under section 1407 should be the last solution after considered review of
4   all other options . . . . [T]ransfer under Section 1404(a) or seeking to dismiss or stay duplicative
5   actions under the first-to-file doctrine are among the variety of options available to avoid duplication
6   of efforts."). In re Best Buy Co., Cal. Song-Beverly Credit Card Act Litig., 804 F. Supp. 2d 1376,
7   1378 (J.P.M.L. 2011).

8   Plaintiff refers to an order by Chief Judge Cecilia Altonaga in the Southern District of
9   Florida in a similar case called Foust v. Frito-Lay North America, Inc., 12-cv-21975. Plaintiff
10  argues in her opposition that the court in that case agreed with the plaintiff (represented by the same
11  attorney as Plaintiff in this case) that an MDL might be a good way to handle the case:
12  "Furthermore, in [Foust], the United States District Court for the Southern District of Florida denied
13  a nearly identical motion to the one now pending before this Honorable Court, because the Florida
14  court agreed with the plaintiff's attorney, Howard W. Rubinstein, that an MDL motion should have
15  been filed, rather than one attempting to transfer the Florida case to New York without the consent
16  of the parties." Opp. at 3.

17  Whatever Chief Judge Altonaga's reasoning, the transfer motion was not denied on the
18  merits. The court closed the case administratively and denied all pending motions as moot in
19  response to plaintiff's counsel's request that the court delay ruling on the motion so that the parties
20  could discuss a potential voluntary transfer of Foust to the E.D.N.Y. Foust, Docket No. 23. The
21  court ordered the parties to file a status report by September 10, 2012, advising as to whether the
22  case should be reopened and the motion heard, or whether the case should be transferred voluntarily.
23  Reply at 10-11. A similar case, Berkowitz v. Frito-Lay North America, Inc., 12-cv-22436-CMA
24  (S.D. Fla.), has also been transferred to Chief Judge Altonaga. Reply at 10. The parties have filed
25  their status update and Defendant has requested that both cases be reopened and the Foust transfer
26  motion heard, because the plaintiff has not agreed to a voluntary transfer. Foust, Docket No. 25.

27  That Plaintiff's counsel might prefer an MDL over consolidation in the E.D.N.Y. does not
28  diminish the strength of Defendant's arguments under the first-to-file rule and 28 U.S.C. § 1404.

8

The Joint Panel on Multidistrict Litigation has itself stated that an MDL should be the "last solution" considered after review of other options, including transfer. <u>In re Best Buy</u>, 804 F. Supp. 2d at 1378. At this point, transfer to the Eastern District of New York is the best option.

### III. Conclusion

For the foregoing reasons, the Court hereby GRANTS the Motion to Transfer to the Eastern District of New York.

IT IS SO ORDERED.

Dated: September 11, 2012

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge